# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| |
|---|
| **UNITED STATES OF AMERICA,** |
| **vs.** |
| **BERNARD SMITH,** |
| *Defendant.* |

**DOCKET NO. 3:26-CR-60-MEO**

**UNOPPOSED MOTION TO CONTINUE TRIAL DATE & MOTIONS DEADLINE**

Bernard Smith, by and through his counsel of record, Assistant Federal Defender John Parke Davis, respectfully requests that this Court continue the trial date presently scheduled for June 22, 2026, along with the associated pretrial motions deadline. As grounds therefore, it is averred:

1.      On April 6, 2026, Mr. Smith was arraigned on a three-count Bill of Indictment, charging him with two counts of conspiracy to commit Hobbs Act robbery, pursuant to 18 U.S.C. § 1951) (Counts One and Three); two counts of Hobbs Act robbery, pursuant to 18 U.S.C. § 1951 (Counts Two and Four); and one count of brandishing a firearm during and in relation to a crime of violence pursuant to 18 U.S.C. § 924(c) (Count Five). He had previously been appointed counsel and was ordered detained pending trial.

2.      Mr. Smith faces a substantial sentence if convicted, including a 7-year mandatory minimum sentence, consecutive to any other sentence he may receive, and plea negotiations are ongoing. Counsel needs additional time to review discovery with Mr. Smith, to fully investigate Mr. Smith's case and possible defenses, and to effectively negotiate with the government and prepare the case for trial.

3.      This is Mr. Smith's second motion for a continuance of this matter, and his first motion to continue since the case became ripe for trial.

4.      The time period of this continuance is excludable under 18 U.S.C. § 3161(h)(1), because the Fourth Circuit has specifically found ongoing plea negotiations to be "other proceedings" under the terms of the Speedy Trial Act. *E.g. U.S. v. Keita*, 742 F.3d 184, 188 (4th Cir. 2014); *U.S. v. Leftenant*, 341 F.3d 338, 345 (4th Cir. 2003) (collecting similar authority from other circuits). Thus, this period of delay is excludable as a period of delay resulting from another proceeding concerning the defendant. 18 U.S.C. § 3161(h)(1); *Keita*, 742 F.3d at 188 (affirming that any period of delay due to ongoing plea negotiations is excludable under the Speedy Trial Act). It is also excludable under § 3161(h)(7)(B)(iv), as the need for additional time to allow for effective preparation, taking into account defense counsel's due diligence, outweighs the interests of the public or the defendant in a speedy trial.

5.      For the same reasons stated above, Mr. Smith needs additional time to research related legal and factual issues that may arise from reviewing discovery, interviewing Mr. Smith, and investigating the case.

6.      The government does not oppose the granting of this motion.

**WHEREFORE,** Mr. Smith respectfully requests a continuance of his trial date from the June 22, 2026 term to the next available term of court, and a corresponding extension of the pretrial motion and notice deadline to line up with the Court's next criminal term.

Respectfully submitted:

s/ John Parke Davis
John Parke Davis
N.C. Bar No. 34427
Federal Public Defender

Western District of North Carolina
129 West Trade Street, Suite 300
Charlotte, NC 28202
(704) 374-0720
(704) 374-0722 Fax
jp_davis@fd.org
*Attorney for Bernard Smith*

DATE:  May 26, 2026